## SPIEGELBERG et al. v. SCHOENBERG.

### (Supreme Court, Appellate Term. December 20, 1907.)

CONTRACTS—RIGHTS OF THIRD PERSONS.

 In an action on a contract made between defendant and a third party, whereby defendant agreed to pay for certain goods purchased by the third party from plaintiff, plaintiff was entitled to recover on a showing that defendant and the third party were liable as partners for the debt contracted by defendant for their joint benefit.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 798–802.]

 McCall, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Jerome Spiegelberg and another against Isaac Schoenberg. From a judgment in favor of defendant, plaintiffs appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and McCALL and FORD, JJ.

Charles L. Greenhall, for appellants.
Alex. B. Greenberg, for respondent.

FORD, J. This is an appeal from a judgment dismissing a complaint at the close of the case. Plaintiffs (appellants) sued upon a contract made between the defendant (respondent) and a third party, a Mrs. Herzog, whereby defendant agreed to pay for certain goods purchased on credit from the plaintiffs. Mrs. Herzog testifies in effect that she and the defendant commenced business as a partnership, and as such purchased the goods from the plaintiffs for the purchase price of which this suit was brought. She admits that they had in contemplation the formation of a corporation to take over their copartnership business, and that steps preliminary to that end had been taken. Differences arose between them, which led to an agreement to dissolve the embryonic corporation and for a distribution of their assets. Under it the defendant was to take, and by his own admission did take, certain of the assets and accounts receivable. He also undertook to pay certain obligations, among which the bill owing to the plaintiffs was specifically mentioned. This agreement was in writing and is in evidence. Its recitals and general tenor bear out to some extent the contention of plaintiffs that in fact the business was regarded and treated as that of a partnership by both the defendant and Mrs. Herzog, and that the formation of the corporation was something outside of and apart from their business as actually conducted. The credit man of the plaintiffs testified that the first goods were ordered from his firm about February 9th, a month before the certificate of incorporation was filed in the office of the Secretary of State. He said that the defendant came to him and represented that he and Mrs. Herzog were about to organize a firm, with himself and her as the only partners; that subsequently, about the end of March, defendant and Mrs. Herzog came to him and represented that they were about to "dissolve and go out of business," and that the defendant was to pay all the debts. They offered to return so much of the merchandise as was in a salable condition to apply on the account. He swears positively that he never knew of the organization of the corporation until the effort was made to collect the bill by suit.

Upon the whole case, I think the foregoing evidence would support a finding by the trial justice that, so far as these plaintiffs are concerned, they could hold both the defendant and Mrs. Herzog liable as partners for the debt contracted by the defendant for their joint benefit. Such a finding would be sufficient to sustain the suit brought by plaintiffs to. enforce a contract made for their benefit between the

defendant and Mrs. Herzog, under the familiar rule laid down in Lawrence v. Fox, 20 N. Y. 268. It was, therefore, error to dismiss the complaint.

The judgment should be reversed, and a new trial ordered, with costs to appellants to abide the event.

GILDERSLEEVE, P. J., concurs.

McCALL, J. (dissenting). I cannot agree in this case with the disposition about to be made. The learned justice below was amply and fully justified upon the proof in his finding that no copartnership existed and that the debt contracted was that of a corporation, which, of course, was the justification of the judgment he rendered. The plaintiffs are not without their remedy against this defendant; but it cannot be obtained upon the contractual relation they assert and use for a basis for the recovery sought in this action.

I therefore dissent.